FRANK M. PITRE (SBN 100077)
fpitre@cpmlegal.com
JULIE L. FIEBER (SBN 202857)
jfieber@cpmlegal.com
DONALD J. MAGILLIGAN (SBN 257714)
dmagilligan@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

D. GREG DURBIN (SBN 81749)
greg.durbin@mccormickbarstow.com
TIMOTHY J. BUCHANAN (SBN 100409)
tim.buchanan@mccormickbarstow.com
**MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP**
7647 N. Fresno Street
Fresno, CA 93720
Telephone: (559) 433-1300
Facsimile: (559)433-2300

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| **E.&J. GALLO WINERY**, a California corporation; **GALLO GLASS COMPANY**, a Nevada Corporation;<br><br>        Plaintiffs,<br><br>    v.<br><br>**STRATEGIC MATERIALS, INC.**, a Delaware corporation;<br><br>        Defendant. | CASE NO. 1:17-CV-01709-EPG<br><br>**JOINT SUBMISSION REGARDING CASE SCHEDULE** |

1    Pursuant to the Court's November 19, 2018 Status Conference and subsequent Minute Order (ECF No. 40), Plaintiffs E. & J. Gallo Winery and Gallo Glass Company (collectively, "Gallo" or "Plaintiffs"), and Defendant Strategic Materials, Inc. ("SMI" or "Defendant") jointly submit their following respective proposals to revise the case schedule.

At the November 19 Status Conference, the parties proposed an extended case schedule to accommodate mediation. In response, the Court extended the deadline for non-expert discovery from January 15, 2019 to March 15, 2019, but declined to address the other deadlines at that time, instead ordering that parties submit a final proposal after mediation had been scheduled and no later than December 14, 2018. The parties have now agreed to mediation on February 7, 2019, and are currently finalizing retention of their agreed mediator.

Subsequently, despite good faith meet and confer efforts, the parties have been unable to agree on a schedule going forward, so respectfully submit the following proposed schedules.

**1.    GALLO'S PROPOSAL**

Gallo proposes to keep the existing trial date but adjust internal schedules in accord with the dates agreed to previously by SMI. While sensitive to the Court's concerns that the prior proposal allowed insufficient time for pre-trial motions, Gallo nonetheless urges the Court to keep the existing trial date and adopt its proposed schedule for at least the following two reasons:

<u>First</u>, SMI and Gallo previously agreed on this schedule in their November 12, 2018 Joint Discovery Status Report submitted to this Court.

<u>Second</u>, Gallo needs this dispute resolved as soon as possible because, <u>on October 30, 2018, SMI unilaterally raised the prices it was charging Gallo by amounts ranging from 23% to 77%</u>. That unilateral price increase is difficult to reconcile with SMI's profession, below, that postponement of trial and discovery are needed to avoid "inflaming the dispute." Understandably, Gallo needs predictability and protection from arbitrary price increases going forward in this business relationship. <u>SMI's new proposal sets no trial date while extending fact discovery an additional three months.</u> Given SMI's control of cullet supplies, this guarantees SMI profits in excess of those allowed by the parties' existing contract to Gallo's detriment.

For these reasons, Gallo proposes the following schedule:

| Event | Current Deadline per March 26, 2018 Scheduling Conference Order | Joint Proposal Per November 12, 2018 Discovery Status Report | Gallo's Proposal |
|---|---|---|---|
| Nonexpert Discovery Cutoff | January 15, 2019 | March 15, 2019 | March 15, 2019 |
| Expert Disclosure | January 25, 2019 | March 29, 2019 | March 29, 2019 |
| Rebuttal Expert Disclosure | February 25, 2019 | April 26, 2019 | April 26, 2019 |
| Expert Discovery Cutoff | March 25, 2019 | May 24, 2019 | May 24, 2019 |
| Dispositive Motion Filing Deadline | May 9, 2019 | July 8, 2019 | July 8, 2019 |
| Pretrial Conference | September 5, 2019 | September 5, 2019 | September 5, 2019 |
| Jury Trial | November 5, 2019 | November 5, 2019 | November 5, 2019 |

Responding to SMI's arguments below, Gallo submits that the mediation is no reason to delay trial. As the Court knows, often parties benefit from having a date certain for trial and the facts learned through discovery in order to achieve sufficient focus and motivation to resolve disputes through mediation.

Finally, given that the parties previously agreed to the above proposed schedule, Gallo is confident that SMI and its highly capable counsel can still meet those deadlines.

2. **SMI'S PROPOSAL**

| Event | Current Deadline | SMI's Proposal |
|---|---|---|
| Nonexpert Discovery Cutoff | March 15, 2019[1] | June 14, 2019 |
| Expert Disclosure | January 25, 2019 | June 28, 2019 |
| Rebuttal Expert Disclosure | February 25, 2019 | July 26, 2019 |
| Expert Discovery Cutoff | March 25, 2019 | August 23, 2019 |
| Dispositive Motion Filing Deadline | May 9, 2019 | October 9, 2019 |
| Pretrial Conference | September 5, 2019 | TBD |
| Jury Trial | November 5, 2019 | TBD |

At the November 19, 2019 Status Conference, the Court declined to adopt the parties' full schedule presented at that time so that mediation first could be scheduled and a new case schedule then presented to the Court for consideration in light of the finally-agreed mediation date. The Court also left open the possibility of re-visiting the date for conclusion of non-expert discovery once mediation had actually been scheduled. Re-visiting the date for conclusion of non-expert discovery is now warranted.

Gallo's proposal is the same that the parties submitted in November before they had been able to schedule mediation. With mediation now scheduled to take place on February 7, 2019, Gallo's proposed deadline for non-expert discovery (March 15) comes so close on the heels of mediation that the parties will effectively be required to engage in expensive, distracting, and potentially unnecessary fact discovery whilst simultaneously attempting to mediate a resolution of the present business dispute. This is not in keeping with the very purpose of mediation—to resolve the dispute without further litigation and the attendant imposition on the parties' and the Court's resources—and risks potentially inflaming the dispute at a time when the opposite outcome is

---

[1] The Court's Minute Order (Dkt. No. 40) re-scheduled the deadline for non-expert discovery from January 15, 2019 to March 25.

being sought.  SMI's proposal, in contrast, would permit the parties to engage in good-faith mediation and still have sufficient time post-mediation (in the event mediation is unsuccessful) to complete fact discovery.  SMI respectfully submits that this scenario is most likely to lead to a successful mediation and peaceable resolution of this dispute.

SMI's proposal would require re-scheduling by the Court of the pre-trial conference and trial.  The parties' proposed schedule in November attempted to preserve the present pre-trial conference and trial dates, but only by compressing the time frame between the dispositive motion filing deadline and the pre-trial conference.  The Court explicitly instructed that the original time frame between these two dates was required.  Accordingly, even under the parties' schedule proposed in November (that Gallo now repeats), the pre-trial conference and trial dates will need to be revised.  SMI's proposal, in contrast, preserves the original time frame between dispositive motions and the pre-trial conference.

Dated:  December 14, 2018     **COTCHETT, PITRE & McCARTHY LLP**

By:   /s/ Julie L. Fieber
         JULIE L. FIEBER

*Attorneys for Plaintiffs E. & J. Gallo Winery & Gallo Glass Company*

Dated:  December 14, 2018     **GIBSON, DUNN & CRUTCHER LLP**

By:   /s/ Spencer Ririe
         SPENCER RIRIE
         JASON LO

*Attorneys for Defendant Strategic Materials, Inc.*