1  BENJAMIN WAGNER, SBN 163581
     bwagner@gibsondunn.com
2  JASON LO, SBN 219030
     jlo@gibsondunn.com
3  SPENCER W. RIRIE, SBN 248277
     sririe@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
5  Los Angeles, CA 90071-3197
   Telephone:  213.229.7000
6  Facsimile:  213.229.7520

7  Attorneys for Defendant and Counterclaimant
   STRATEGIC MATERIALS, INC.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| E. & J. GALLO WINERY, a California corporation; GALLO GLASS COMPANY, a Nevada Corporation; <br><br> Plaintiff, <br><br> v. <br><br> STRATEGIC MATERIALS, INC., a Delaware corporation; <br><br> Defendant. | CASE NO. 1:17-CV-01709-EPG <br><br> **DECLARATION OF BENJAMIN WAGNER IN SUPPORT OF DEFENDANT AND COUNTERCLAIMANT STRATEGIC MATERIALS, INC.'S MOTION FOR ATTORNEYS' FEES** <br><br> Judge:  Hon. Erica P. Grosjean |

DECLARATION OF BENJAMIN WAGNER

I, Benjamin Wagner, hereby declare and state as follows:

1.     I am an attorney licensed to practice in the states of California and New York, am the Partner-In-Charge of the Palo Alto office of Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), and am counsel of record for Defendant and Counterclaimant Strategic Materials, Inc. ("SMI") in this case.  I submit this declaration in support of Defendant SMI's Motion for Attorneys' Fees, pursuant to this Court's order filed on August 8, 2019 (Dkt. 71) granting in part and denying in part SMI's Motion to Strike Expert Opinions Based on Undisclosed Damages Claims ("Motion to Strike").  The litigation of the Motion to Strike, which occurred in June and July 2019, is reflected in docket entries 53 (filed June 19, 2019), through 71 (filed August 8, 2019).  Except as otherwise indicated, all statements in this declaration are based on my personal knowledge, and, if I were called upon to testify, I could and would testify to each of the facts set forth herein based on such personal knowledge.

**A.     Qualifications and Experience of Counsel**

2.     I graduated from Dartmouth College in 1982, and I received my J.D. from the New York University School of Law in 1986.  I joined Gibson Dunn in 2016.  Prior to joining Gibson Dunn, I served as the United States Attorney for the Eastern District of California from November 2009 to April 2016.  My practice at Gibson Dunn consists of a broad array of complex litigation in both state and federal courts.  I am a Chambers-ranked attorney in White Collar Crime and Investigations and am listed in the 2020 edition of Best Lawyers in America.

3.     Other Gibson Dunn attorneys who worked on the litigation of the motion to strike in this case include partner Jason Lo, senior associate Michael Holecek, and associates Nathan Powell and Jermaine Rodriguez.  Jason Lo received his J.D. from Harvard University in 2001 (*cum laude*), served as a law clerk to The Honorable Mariana R. Pfaelzer in the United States District Court for the Central District of California, and has over seventeen years of experience litigating high stakes cases throughout the United States.  Michael Holecek graduated with high honors from the University of Chicago Law School in 2011 and has over 8 years of litigation experience, including first chair trial experience.  Nathan Powell graduated *cum laude* from Georgetown University Law Center in 2017

and has nearly two years of litigation experience.  Jermaine Rodriguez graduated from Berkeley School of Law in 2018 and has nearly a year of litigation experience.

4.     Gibson Dunn is a California-based law firm with over 1,300 attorneys in 20 offices worldwide. *The American Lawyer* named Gibson Dunn a Finalist in its 2018 Litigation Department of the Year competition, and winner of the Litigation Department of the Year competition in 2016, 2012, and 2010.  In 2019, U.S. News bestowed the "Law Firm of the Year" award upon Gibson Dunn in two litigation practice areas, and it has ranked numerous Gibson Dunn litigation groups as a "Tier 1," including Gibson Dunn's commercial litigation practice group. The firm has litigated numerous contract cases in both state and federal courts.

### B.     The Compilation of Attorney Fees and Costs Submitted Ex Parte

5.     I have prepared for the Court's review a privileged compilation of attorney fees and costs, which I compiled personally from the billing records of Gibson Dunn relating to this case.  In the accompanying motion, I have requested to submit this compilation for the Court's in camera review, because it relies heavily on privileged information.  The compilation reflects the work done by myself, Mr. Lo, and associates Holecek, Powell and Rodriguez in connection with the litigation of the motion to strike.  It accurately reflects: (1) the attorney fees that were actually incurred by those Gibson Dunn attorneys in connection with performing various designated tasks that I believe were reasonable and necessary to litigate the Motion to Strike on SMI's behalf; (2) daily entries for the hours expended by those Gibson Dunn attorneys, including their names, descriptive narratives describing the work they performed relating to the Motion to Strike; and (3) each attorney's billing rate for that work.  The compilation reflects a total of 138.4 hours of attorney work, totaling $116,110, which time was invoiced to SMI.  The compilation also reflects actual costs incurred in relation to the litigation of the Motion to Strike in the amount of $2,091.98.

6.     As reflected in the descriptive narratives in the compilation of attorney hours, which we have requested to submit in camera, the work that was performed by myself, Mr. Lo, and associates Holecek, Powell and Rodriguez in connection with the litigation of the Motion to Strike included:

- researching remedies for failure to supplement discovery;

- reviewing and analyzing Plaintiff's prior document productions in connection with the new damage theories;
- drafting and editing the motion to strike, including gathering exhibits;
- drafting declarations;
- corresponding with Plaintiff's counsel;
- reviewing local rules, and filing the motion to strike and various other pleadings relating to the sealing of exhibits;
- reviewing and analyzing Plaintiff's opposition brief and the nearly 800 pages of exhibits submitted therewith;
- researching, drafting, editing and filing a reply brief;
- preparing for and attending a hearing on the motion to strike, which included studying Plaintiffs' voluminous document submission;
- responding to the Court's questions and orders relating to the motion and potential remedies, following the hearing.

The first entry in the compilation of attorney fees and costs submitted ex parte is dated June 3, 2019, reflecting the beginning of research relating to the motion, which was filed just over two weeks later. The last entry is dated July 26, 2019, a week after the hearing, and the date that SMI filed a submission in response to the Court's order of July 19 (Dkt 69, 70).

7. The compilation of attorney fees and costs submitted ex parte does not include any of the time spent on this matter by two seniors associates and a paralegal, which primarily consisted of reviewing and revising the motion to strike and the reply brief, and preparing documents for filing and organizing exhibits. Although that time was reasonable and was incurred in connection with the litigation of the Motion to Strike, SMI is waiving that time in connection with this motion for fees. Although SMI actually incurred $127,219 in legal fees, consisting of 158 hours of attorney and paralegal time, SMI is seeking to recover only $116,110 in legal fees, consisting of 138.4 hours of attorney time.

8. The compilation of attorney fees and costs also includes an itemization of costs actually and reasonably incurred in connection with the litigation of this motion, totaling $2,091.98. Those costs

include on-line research costs of $1,740.77, in-house document duplication costs of $155.50, and lodging and parking costs in connection with the court hearing in U.S. District Court in Fresno of $195.71.  It does not include approximately $1,200.00 in additional costs that SMI incurred related to the motion to strike.

9.     In order to compile the entries of attorney time included in the ex parte submission, I reviewed the Gibson Dunn invoices for services rendered in June and July 2019, the time period in which the Motion to Strike was litigated, and excerpted those entries that related to the Motion to Strike.  In my time at Gibson Dunn, I have become very familiar with such invoices and the processes by which the firm creates and maintains them.  In the regular course of its business, Gibson Dunn maintains records of the time spent by individual attorneys and other professionals with respect to each client matter.  In recording their billing entries, attorneys at Gibson Dunn are required to specify the nature of the work performed, and the amount of time that they expended on the designated task.  This information is entered into Gibson Dunn's computerized time keeping and billing system frequently (not less than on a weekly basis).  The firm has employees whose responsibility it is to maintain and update the billing records.  All of the time included in the compilation of attorney fees that I prepared was time actually billed to SMI in connection with the litigation of the Motion to Strike, and consisted of time spent by myself, partner Jason Lo, and associates Michael Holecek, Nathan Powell, and Jermaine Rodriguez.  Each of those attorneys reviewed a draft of the compilation in order to verify that their time entries were accurate, and that the time included in the compilation related strictly to the litigation of the Motion to Strike, and not to other tasks associated with the litigation of this case.  Similarly, I included in the compilation only costs which were actually billed to SMI and which were incurred in connection with the litigation of the Motion to Strike.

**C.     The Attorneys Fees and Costs Sought in this Motion are Reasonable**

10.    As reflected in the compilation of fees and costs that I prepared, SMI is seeking reimbursement for the work of five Gibson Dunn attorneys, including two partners, who billed SMI 138.4 hours in connection with all aspects of litigating the Motion to Strike.  The attorneys' hourly rates range from approximately $550 per hour for the most junior attorney to over $1,100 per hour for

partners.  I believe that all of the attorney work reflected in the compilation of fees and costs that I prepared was both necessary and reasonable for litigating the Motion to Strike and, based on my experience, I believe that Gibson Dunn staffed and litigated this case in a reasonable, efficient, and appropriate manner.  To the greatest extent possible, the partners on this case, Jason Lo and I, maintained a supervisory role in this matter and delegated tasks out to Mr. Holecek, Mr. Powell, and Mr. Rodriguez.  Indeed, our involvement with the motion papers was limited to determining strategy and reviewing and revising the papers.  The majority of the approximately 48 partner hours for which SMI seeks reimbursement was dedicated to preparing for the motion hearing—including studying approximately 800 pages of detailed exhibits—and attending the hearing itself.  In view of the voluminous factual record that Plaintiffs submitted to oppose the Motion to Strike, my preparations for the hearing were akin to preparing for a summary judgment hearing and required a substantial amount of my time.  In total, SMI is seeking to collect $61,000.50 for associate work, comprised of approximately 91 hours, at an average rate of approximately $670 per hour.  SMI is also seeking $55,109.50 for partner-level work, comprised of approximately 48 hours, at a rate of approximately $1150 per hour.  These amounts are reasonable in light of the qualifications and experience of the relevant attorneys, the work done in litigating the Motion to Strike, and the outstanding results achieved, in which $5 to $7 million of damage theories were stricken from the case.

11. To my knowledge, the billing rates charged by attorneys at Gibson Dunn are within the range charged by other similarly-experienced attorneys at similar international law firms with comparable resources and expertise.  The hourly rates charged by Gibson Dunn attorneys for this matter are their standard hourly rates at which those attorneys are generally billed to clients.  This litigation is not being handled by Gibson Dunn on a contingency fee basis.

12. The actual amount of total fees and costs incurred by SMI in connection with the litigation of the Motion to Strike was $127,219 in legal fees and $3,300 in costs.  That amount of fees represents the actual hours incurred at the actual billing rates for those persons as invoiced to SMI.  In this motion, however, SMI seeks recovery for only $116,110 in attorney fees and $2,091.98 in costs, for a total of $118,201.98.  As stated above, this reduction reflects the fact that SMI is not seeking fees in this motion for work done by two senior associates who participated in reviewing and revising the

briefs, and for paralegal time related to the litigation of the motion. In addition, SMI is not seeking any compensation for approximately ten hours of travel time for two Gibson Dunn partners to travel from the Bay Area and Los Angeles to and from the hearing at the U.S. District Court in Fresno on July 19, 2019. Finally, SMI is not seeking certain costs for in-house document reproduction relating to printing cases and voluminous exhibits used at the hearing and in preparing for the hearing.

### D.   SMI's Efforts to Reach a Stipulated Agreement Regarding the Amount of Fees and Costs Pursuant to the Court's Order

13.   On August 18, 2019, I contacted Gallo's counsel, Ms. Fieber, by email, pursuant to the Court's instructions in the Order of August 8 (Dkt 71 at 13), and informed her that the total amount of attorney's fees and costs incurred by SMI to litigate the Motion to Strike was $130,521.33. I provided her with a general overview of how and by whom the fees were incurred, and the amount of costs, and offered to discuss the matter. In the course of several exchanges over the next several days, she indicated that she could not agree to stipulate to such an amount, and asked for more information. In an effort to reach a stipulation, I provided additional information, including breaking down the total amounts of attorney fees into four phases of work on the litigation of the motion, and describing the different categories of costs. In addition, in the course of our exchanges, I voluntarily reduced the amount of attorney fees SMI would seek from $127,219 to $116,110 (a reduction of over $11,100), and the amount of costs SMI would seek from $3,302.33 to $2,091.98 (a reduction of over $1,200). Ms. Fieber consistently stated that the fees and costs sought by SMI were too high and were unreasonable, and that she would not stipulate. Nor did she offer to stipulate to any lower amount. While Ms. Fieber has objected to the fact that two Gibson Dunn partners reviewed SMI's motion and appeared at the motion hearing, Gallo itself sent two partners to attend the hearing. Ms. Fieber has also objected to the number of Gibson Dunn attorneys staffed on this case (seven) and for whose work SMI seeks reimbursement (five). To my knowledge, a similar number of attorneys (if not more) represent Gallo in this matter.

14.   The parties have been unable to stipulate to the reasonable fees owed to SMI for an additional deposition related to Gallo's batch-costs damages theory, because that deposition has not yet occurred. The parties are in the process of scheduling that deposition. As it is difficult to predict in

1  advance the precise fees and costs that SMI will incur to take the deposition, in the accompanying
2  motion, we request permission to separately seek the reasonable fees and costs that SMI actually
3  incurs related to taking that deposition in addition to SMI's actual reasonable fees and costs related to
4  litigating this motion.

5  15.    In sum, I believe that SMI's request for attorney fees in the amount of $116,110, and
6  $2,091.98 in costs, all of which were actually incurred and invoiced to SMI in connection with the
7  litigation of the Motion to Strike, is eminently reasonable.  These amounts are reasonable, and
8  represent less than the actual amounts incurred by SMI in connection with the litigation of the
9  motion, and do not include any of the other fees and costs incurred by SMI due to Gallo's failure to
10 comply with its discovery obligations, such as the cost of locating and retaining an expert to render
11 an opinion on the furnace foaming damages issue which has now been stricken, and preparing that
12 expert witness and defending him at a deposition.  The total unnecessary costs that SMI has incurred
13 as a result of Gallo's failure to timely disclose the three damages theories at issue in the Motion to
14 Strike, are nearly twice the amount that SMI seeks to recover in this motion.

15     I declare under penalty of perjury under the laws of the State of California that the foregoing
16 is true and correct.

18 Dated: September 6, 2019

**GIBSON, DUNN & CRUTCHER LLP**

By:  */s/ Benjamin Wagner*
     Benjamin Wagner

Attorney for Defendant and Counterclaimant
STRATEGIC MATERIALS, INC.