UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. & J. GALLO WINERY, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> STRATEGIC MATERIALS, INC., et al., <br><br> Defendants. | Case No. 1:17-cv-01709-EPG <br><br> ORDER GRANTING STRATEGIC MATERIALS, INCS's MOTION FOR ATTORNEY FEES AND COSTS IN PART <br><br> (ECF NO. 77.) |

Plaintiffs E. & J. Gallo Winery and Gallo Glass Company ("Gallo") filed this suit against Defendant Strategic Materials, Inc. ("SMI") alleging breaches of the parties' Supply Agreement. (ECF No. 1.) On August 8, 2019, the Court ruled on SMI's "Motion to Strike Expert Opinions Based on Undisclosed Damage Claims." (ECF No. 71.) The Court found that Gallo failed to adequately disclose certain categories of damages relating to energy costs and a 2019 furnace shutdown. As part of its sanctions for the inadequate disclosure, it ordered that "Gallo shall pay SMI's reasonable attorney fees and costs related to this motion, as well as the supplemental deposition related to batch costs." (*Id.* at 13.) The Court ordered the parties to meet and confer regarding the amount of attorney fees and costs to be awarded to SMI.

The parties were unable to stipulate to an amount of attorney fees and costs to be awarded to SMI pursuant to the Court's order; thus, SMI filed the instant "Motion for Attorneys' Fees" (referred to herein as "the motion"). For the following reasons, the motion is GRANTED IN PART.

1

## I. BACKGROUND[1]

According to the Complaint, SMI is a Texas-based corporation that supplies recycled glass and plastic. Gallo is a wine producer and bottle manufacturer that purchases recycled glass (also known as cullet) from SMI to produce wine bottles.

Gallo and SMI entered into a 10-year Supply Agreement in which SMI agreed to make available certain volumes of cullet to Gallo each year at certain prices, subject to volume and price adjustments.

Gallo filed this lawsuit in December 2017, alleging that SMI breached the Supply Agreement. Gallo's complaint sought "consequential damages." More specifically, the breach of contract allegations assert, in pertinent part that: (1) Gallo was forced to obtain alternative source of cullet due to SMI's breach of the supply agreement; (2) Gallo was forced to pay higher prices for cullet from SMI's Madera, Sacramento, San Leandro, Commerce, and Vernon glass processing plants and incurred additional costs to make glass due to SMI's failure to supply the appropriate amount of cullet under the Supply Agreement; and (3) Gallo suffered damage due to the failure of certain SMI cullet shipments to meet the specifications in the supply agreement.

On June 19, 2019, SMI filed a "Motion to Strike Expert Opinions Based on Undisclosed Damages Claims" (ECF No. 53.), contending that Gallo's damages theories related to batch costs, energy costs, and the February 2019 furnace shutdown were not properly disclosed and seeking to have all evidence of those categories of damages excluded.

On August 8, 2019, the Court ruled on SMI's "Motion to Strike Expert Opinions Based on Undisclosed Damage Claims." (ECF No. 71.) The Court found that certain categories of damages relating to energy costs and a 2019 furnace shutdown were inadequately disclosed and precluded Gallo from offering evidence of same at trial. The Court also addressed whether Gallo adequately disclosed its intention to seek batch costs as a category of damages. The Court refused to preclude Gallo from offering evidence of batch costs altogether; however, the Court did order that "Gallo shall pay SMI's reasonable attorney fees and costs related to this motion." The Court ordered the

---
[1] A more complete recitation of the factual background underlying SMI's "Motion to Strike Expert Opinions Based on Undisclosed Damages Claims," can be found in the Court's Order on that motion. (ECF No. 71.)

parties to meet and confer regarding the amount of attorney fees and costs to be awarded to SMI.

The parties were unable to stipulate to an amount of attorney fees and costs to be awarded to SMI pursuant to the Court's order; thus, SMI filed this motion. Gallo filed an opposition to the motion on September 27, 2019. (ECF No. 82.) SMI filed a reply on October 4, 2019. (ECF No. 85.)

**II.      LEGAL STANDARDS**

Reasonable attorneys' fees are recoverable under Federal Rule of Civil Procedure 37(c)(1)(A), which provides that, if a party fails to provide information as required by Rule 26(a) or (e), the court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure…" Courts apply the lodestar analysis to Rule 37 sanctions to determine the reasonable value of the services performed. *See Kraszewski v. State Farm General Ins. Co.*, 1984 WL 1027 at *5 (N.D. Cal. June 11, 1984) (applying a "lodestar" analysis to Rule 37 sanctions). "The 'lodestar' amount is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citations omitted). "In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The Court "should also exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary…" *Id.*

As to the reasonable hourly rate, reasonable hourly rates are calculated by reference to "prevailing market rates in the relevant community," with a special emphasis on fees charged by lawyers of "comparable, skill, experience, and reputation." *Davis v. City of San Francisco*, 976 F.2d 1536, 1546 (9th Cir. 1992), *vacated on other grounds*, 984 F.2d 345 (9th Cir. 1993). "Generally, the forum district represents the relevant legal community." *J & J Sports Productions Inc. v. Cervantes*, 2019 WL 935387 at *2 (E.D. Cal. Feb. 26, 2019) (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (further citations omitted). The fee applicant bears the

3

burden of producing satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

### III. ANALYSIS

SMI seeks an award of $116,110.00 in attorney's fees. Gallo objects to this request, arguing both that the rate SMI uses to calculate the award is incorrect as a matter of law and that SMI expended unnecessary time and resources related to the motion to strike. Each argument is addressed in turn.

#### A. Reasonable Hourly Rate in the Eastern District of California

SMI calculates its proposed fee award using the unadjusted billing rates of five attorneys that worked on the motion to strike. SMI is seeking a total of $61,000.50 for associate work, composed of approximately 91 hours, at an average rate of approximately $670.00 per hour. SMI is also seeking $55,109.50 for partner-level work, composed of approximately 48 hours, at a rate of approximately $1150.00 per hour. SMI claims these figures are "within the range charged by other similarly-experienced attorneys at similar international law firms with comparable resources and expertise." (ECF No. 78, p. 6.) Gallo objects to these rates as far higher than the prevailing rates in the Eastern District of California, which, according to Gallo, is the pertinent metric.

The Court agrees with Gallo that the rates are should be reduced to more accurately reflect the prevailing market rates in the Eastern District of California. "[G]enerally, the relevant community [for the prevailing market rate] is the forum in which the district court sits." *See Camancho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). However, rates outside the forum may be used "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." *Gates*, 987 F.2d at 1405.

4

Here, SMI does not offer any evidence to support an argument that local counsel was "unavailable" other than the results of a Bloomberg search that show litigants in this area often use international law firms for significant commercial disputes.

While the Court appreciates the complexity of this matter and that SMI obtained a favorable outcome on the motion to strike, the Court finds this evidence inadequate to show that local counsel is "unavailable" under Ninth Circuit jurisprudence. First, SMI points to nothing to show that counsel in the Eastern District of California are "unwilling" to accept representation in complex commercial litigation cases such as this. Second, as to the apparent argument that counsel in the Eastern District of California lack the ability to litigate complex commercial litigation cases, the Court finds SMI's proof insufficient. That litigants often use outside counsel for complex disputes does not necessarily mean that competent counsel is not present in this district. Indeed, SMI's declaration in support of its motion for attorney fees does not discuss whether counsel in the Eastern District are "unavailable," and it is not self-evident to the Court that the Eastern District of California—which includes both Fresno and Sacramento—lacks any attorney that is willing and able to engage in complex commercial litigation.

Nor do the cases SMI cites suggest that the Court can ignore Ninth Circuit precedent related to determining a reasonable hourly rate simply because good results were achieved in a complex case. For example, the court in *Love v. Mail on Sunday*, 2007 WL 2709975 at *8 (C.D. Cal. Sept. 7, 2007) in finding the rates reasonable, observed they were "consistent with the rates typically charged by other highly-regarded southern California law firms for similar work by attorneys of comparable experience." And the court in *Synapsis, LLC v. Evergreen Data Sys., Inc.*, 2006 WL 3302432 (N.D. Cal. Nov. 14, 2006) gave no indication that it approved a rate higher than prevailing market rate because of the complexity of the litigation. Again, the relevant question for purposes of deviating from the prevailing market rate in the forum district is whether counsel within the forum district is "unavailable." *See Gates*, 987 F.2d at 1405. SMI has not demonstrated that for purposes of this motion.

Thus, the Court will use prevailing market rates in the Eastern District of California in determining the pertinent lodestar figure.

Turning to prevailing market rates in the Eastern District of California, The Honorable District Judge Dale A. Drozd recently undertook a comprehensive analysis of recent rates found to be reasonable in *Firstsource Solutions, USA, LLC v. Tulare Regional Medical Center*, 2019 WL 27253356 at *8 (E.D. Cal. June 28, 2019):

> Defendant cites to several cases in which courts in this district have awarded hourly rates that are lower than those requested by Plaintiff. *See Hall v. FCA US LLC*, No. 1:16-cv-0684-JLT, 2018 WL 2298431 at *7 (E.D. Cal. May 21, 2018) (awarding attorneys' fees ranging from $300/hour to $175/hour in an action pursuant to the Song-Beverly Act); *TBK Bank, SSB v. Singh*, No. 1:17-cv-00868-LJO-BAM, 2018 WL 1064357 at *7 (E.D. Cal. Feb. 23, 2018) (recommending that motion for attorneys' fees ranging from $400/hour to $150/hour in a contract dispute), report and recommendation adopted, 2018 WL 3055890 (E.D. Cal. Mar. 21, 2018).
>
> However, higher hourly rates have been awarded in other Eastern District cases involving various other forms of complex litigation, including consumer law or employment litigation. *See Smith v. Gen. Info. Servs., Inc.*, No. 1:17-cv-00542-DAD-SAB, 2019 WL 2106171 at *3 (E.D. Cal. May 14, 2019) (awarding $400 per hour for an attorney with more than ten years of experience practicing consumer law); *N.L. ex rel. Lemos v. Credit One Bank, N.A.*, No. 2:17-cv-01512-JAM-DB, 2019 WL 1428122, at *5 (E.D. Cal. Mar. 29, 20190 approving an hourly rate of $400 for an attorney with nine years' experience in a case involving the Telephone Consumer Protection Act and the Rosenthal Fair Debt Collection Practices Act); *Early v. Keystone Rest. Grp.*, LLC, No. 2:16-cv-00740-JAM-DB, 2019 WL 9182111, at *5 (E.D. Cal. Feb. 25, 2019) (stating that "the relevant marker in this case is the rate prevailing in the Eastern District of California" and approving an hourly rate of $530 in an employment discrimination case for an attorney with over thirty years of experience).

The Court in *Firstsource* went on to award the following rates: (1) $450 an hour for partners with at least 20 years of experience, (2) $400 an hour for partners with at least ten but fewer than twenty years of experience, (3) $250 an hour for associates with at least four but fewer than ten years of experience, (4) $200 an hour for associates with fewer than four years' experience, and (5) $200 an hour for paralegals.

Here, Gallo has submitted the declaration D. Greg Durbin—an attorney practicing in Fresno with uncontroverted knowledge of the market rates in the community. Durbin states that the billing rates approved in *Firstsource* are on the high end of rates used in the Eastern District of California. However, because SMI did achieve a good result on the motion to strike and given the relative complexity of this case and the motion to strike, the Court will use the *Firstsource* rates when calculating the lodestar amount.

**B. Reasonable Hours Expended**

Gallo next objects to the hours SMI expended on the motion to strike. In particular, Gallo questions the number of attorneys that worked on the motion to strike, the number of hours that were expended on the motion to strike, and SMI's ability to collect attorney fees for hours expended after the hearing on the motion to strike.

SMI submitted its billing records related to the motion to strike for the Court's *in camera* review. After reviewing same, the Court finds that the hours expended by SMI were reasonable with limited exceptions. Generally, the records show that SMI expended hours drafting and revising the motion to strike, researching the legal issues involved in the motion to strike, and preparing for the motion to strike hearing. Although the Court understands Gallo's objection to the amount of attorneys SMI used to pursue the motion to strike, SMI has agreed to seek attorney fees for only five of the attorneys, and the Court does not find the use of a team of attorneys on this complex of a motion inherently unreasonable, especially given the importance of the motion and the result that SMI achieved. Moreover, inspection of the billing records reveals no redundant entries.

Nevertheless, the Court takes issue with the following tasks for which SMI now seeks to recoup attorney fees:

- Analyzing and responding to the Court's Order after the July 19, 2019 hearing, which ordered SMI to file a statement setting forth the discovery it would undertake concerning Gallo's claims for batch and energy costs.
- Filing an amended supplemental motion to seal an Exhibit O that was "inadvertently" omitted from a supplemental motion to seal in connection with the motion to strike. (ECF No. 58.)

Thus, the Court deducts the following hours in calculating the lodestar figures:

- 3.80 hours attributed to Nathan L. Powell related to filing the amended supplemental motion to seal and analyzing and responding to the Court's post-hearing order;
- 1.40 hours attributed to Jermaine Rodriguez related to filing the amended supplemental motion to seal and analyzing and responding to the Court's post-hearing order;

- 1.80 hours attributed to Benjamin Wagner related to filing the amended supplemental motion to seal and analyzing and responding to the Court's post-hearing order; and
- 1.10 hours attributed to Jason Lo related to filing the amended supplemental motion to seal and analyzing and responding to the Court's post-hearing order.

As to the hours spent analyzing and responding to the Court's post-hearing order, these hours are outside the ambit of the Court's order that Gallo pay SMI's attorneys' fees "related to this motion." (ECF No. 71, p. 13.)

As for the hours expended to correct a motion to file under seal that inadvertently omitted an exhibit, time spent correcting filing errors is generally excluded from the lodestar figure. *See Jadwin v. County of Kern*, 767 F.Supp.2d 1069, 1107 (E.D. Cal. 2011) (administrative errors related to attaching exhibits and uploading complaints to ECF should be excluded in their entirety).

### C. The Lodestar Figure

After applying the prevailing market rate as discussed above, and after discounting hours unreasonably expended as discussed above, the lodestar amount for each SMI attorney is as follows:

| Attorney | Hourly Rate Used for Lodestar Analysis | Hours Reasonably Expended | Total |
|---|---|---|---|
| Benjamin Wagner | $450.00[2] | 32.6 | $14,670.00 |
| Jason Lo | $400.00[3] | 12.2 | $4,880.00 |
| Nathan L. Powell | $200.00[4] | 52.3 | $10,460.00 |
| Jermaine Rodriguez | $200.00[5] | 13.9 | $2,780.00 |
| Michael J. Holecek | $250.00[6] | 19.3 | $4,825.00 |

Thus, the total lodestar figure awardable to SMI pursuant to Gallo's failure to adequately

---

[2] Benjamin Wagner graduated from law school in 1986 and thus has over twenty years of legal experience.
[3] Jason Lo graduated from law school in 2001 and thus has more than ten but fewer than twenty years of legal experience.
[4] Nathan Powell graduated from law school in 2017 and thus has fewer than four years of legal experience.
[5] Jermaine Rodriguez graduated from law school in 2018 and thus has fewer than four years of legal experience.
[6] Michael Holecek graduated from law school in 2011 and thus has more than four but fewer than ten years of experience.

8

disclose damages theories related to energy costs and a February 2019 furnace shutdown is $37,615.00.

### D. Costs

SMI also seeks $2,091.98, which it claims are reasonable expenses related to the motion to strike. The amount includes "on-line research and in-house document duplication, one night of lodging to attend the hearing on the motion to strike, and courthouse parking fees." (ECF No. 77. P. 13.)

Gallo does not appear to oppose SMI's cost figure, and the Court finds it to be reasonable. Accordingly, SMI is awarded $2,091.98 in costs related to the motion to strike.

## IV. CONCLUSION

For the reasons set forth above, IT IS ORDERED THAT:

1. SMI's "Motion for Attorneys' Fees" (ECF No. 77) is GRANTED IN PART. To the extent SMI seeks an award of attorney fees and costs the motion is GRANTED. However, to the extent that SMI seeks $116,110.00 in attorney fees, the motion is DENIED. Instead, the Court will award SMI $37,615.00 in attorney fees.
2. To the extent SMI seeks an award of $2,091.98 in costs, the motion is GRANTED.
3. Further, SMI is granted leave to move for an award of the reasonable costs associated with the Court-ordered supplemental deposition for batch costs. (ECF No. 71. p. 13.)
4. To the extent SMI seeks leave to file another motion for the attorney fees and costs associated with this motion, such an award is beyond the scope of the sanctions awarded in the Court's August 8, 2019 Order; thus, any such request is DENIED.

IT IS SO ORDERED.

Dated: **December 10, 2019**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE