# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. &. J. GALLO WINERY and GALLO GLASS COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>STRATEGIC MATERIALS, INC.,<br><br>Defendant. | CASE NO. 1:17-cv-01709-EPG<br><br>**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE MOTIONS TO SEAL** |

In connection with their motions for summary judgment, motions to strike, and the various oppositions and replies thereto, Plaintiffs E. & J. Gallo Winery and Gallo Glass Company ("Gallo") and Defendant Strategic Materials, Inc. ("SMI") each filed notices to seal their filings. (ECF Nos. 98, 100, 105, 113, 116, 120, 123, 126). At various times, they also filed memoranda in support of the other party's sealing motions. (ECF Nos. 103, 104, 132, 133).

The underlying case has settled, (ECF No. 234),[1] but the Court must still consider the sealing motions. For the reasons below, the Court grants in part, and denies without prejudice in part the sealing motions as further detailed below.

\\\

---

[1] For administrative purposes, the Court will mark the case as closed when the sealing motions have been finalized. If the parties do not wish to seal any documents, they should so inform the Court.

1

## I. LEGAL STANDARDS

The Ninth Circuit has set forth substantial case law concerning sealing dispositive motions. Local Rule 141 provides additional standards for this district.

The parties appear to agree that the sealing requests are governed by the compelling-reason test for dispositive motions.

> Under this stringent standard, a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture. The court must then conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. What constitutes a "compelling reason" is best left to the sound discretion of the trial court. Examples include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing.

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (alterations, internal quotation marks, and citations omitted).

Parties must also be specific when identifying the information that they seek to keep sealed. As the Ninth Circuit has explained when denying a request by the United States to seal documents:

> Although the United States identifies the redactions it seeks by page number and line number, it does not provide similarly specific compelling reasons to justify these redactions. Instead, the United States purports to justify each redaction by listing one of four general categories of privilege (privacy, law enforcement, confidential source, and ongoing investigation). Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden.

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1183–84 (9th Cir. 2006).

This district's local rules add to the requirements. Under Local Rule 141(b), a party's "'Request to Seal Documents' shall set forth the statutory or other authority for sealing" and, among other things, "the total number of submitted pages shall be stated in the request."

## II. APPLICATION TO PARTIES' REQUESTS

In balancing the tests, the Court notes at the outset that it did not make any decisions based on the filings. Thus, the public's interest at issue in the compelling reasons balancing test

carries less weight. To the extent the Court orders sealing, it has weighed the public's interest against the requesting party's interest.

### A. FILINGS AT ECF NO. 99

At ECF No. 98, Gallo requested to seal or redact certain documents it filed at ECF No. 99. At ECF No. 103, SMI filed a statement in support of such request.

#### 1. ECF NO. 98 DENIED WITHOUT PREJUDICE

This request did not comply with the above standards. First, it did not list any statutory or other authority for sealing. Second, it did not list the number of pages. Third, it did not provide any specific reasons for why the Court should seal the documents. In fact, it provided no reasons at all.

Thus, request number 98 is denied without prejudice. Gallo has fourteen days to file a new sealing motion covering the documents it wishes to seal, if it chooses to do so. The Court will keep the documents it seeks to seal left under seal for fourteen days or until the Court rules on a renewed motion.

#### 2. ECF NO. 103 IS GRANTED

SMI filed a statement in support of Gallo's request. (ECF No. 103). Its statement meets the relevant standards.

Thus, the following Exhibits to the Fieber Declaration (ECF No. 99-3) are sealed until the Court orders otherwise, and only the parties, their respective litigation counsels and the Court shall have access thereto:

| Exhibit to Fieber Declaration | ECF Number | Compelling reasons[2] |
|---|---|---|
| A | 99-4 | Contains SMI's pricing, material volumes |
| D | 99-5 | Contains SMI's pricing, supply chain, customers, material volumes |
| E | 99-5 | Contains SMI's pricing, supply chain, customers, |

---

[2] Each of the compelling reasons relates to the harm releasing the information would cause SMI.

| Exhibit to Fieber Declaration | ECF Number | Compelling reasons[2] |
|---|---|---|
| | | material volumes |
| G | 99-8 | Contains SMI's pricing |
| I | 99-8 | Contains SMI's pricing, supply chain |
| J | 99-8 | Contains SMI's pricing. |
| K | 99-8 | Contains SMI's pricing, supply chain, customers, material volumes |
| L | 99-8 | Contains SMI's pricing, material volumes |
| O | 99-8 | Contains SMI's supply chain, material volumes |
| P | 99-8 | Contains SMI's supply chain, material volumes, pricing |
| R | 99-8 | Contains SMI's supply chain, material volumes, pricing |

**B.     FILINGS AT ECF NO. 101**

At ECF No. 100, SMI requests to seal or redact certain documents filed at ECF No. 101. Gallo filed a statement in support at ECF No. 104.

1.     ECF NO. 100 IS GRANTED

Here, SMI complied with the relevant local rule and legal standards. Therefore, the Court grants SMI's motion.

| Exhibit to Holocek Declaration (ECF No. 101-6) | Compelling reasons[3] |
|---|---|
| Exhibit 1 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 7 | Pricing, volumes, supply chains, customers, sensitive financial |

---

[3] Each of the compelling reasons relates to the type of information which, if made public, would harm SMI.

4

| Exhibit to Holocek Declaration (ECF No. 101-6) | Compelling reasons[3] |
|---|---|
|  | information |
| Exhibit 13 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 16 | Pricing, volumes, supply chains, customers, sensitive financial information, business plans, strategies |
| Exhibit 21 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 22 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 26 | Business plans, strategies |
| Exhibit 23 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 28 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 30 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 33 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 35 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 36 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 37 | Pricing, volumes, supply chains, customers, |

| Exhibit to Holocek Declaration (ECF No. 101-6) | Compelling reasons[3] |
|---|---|
|  | sensitive financial information |
| Exhibit 38 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 39 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 40 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 41 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 45 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 46 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 47 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 48 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 49 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 50 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 51 | Pricing, volumes, supply chains, sensitive financial |

| Exhibit to Holocek Declaration (ECF No. 101-6) | Compelling reasons[3] |
|---|---|
|  | information |
| Exhibit 52 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 53 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 54 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 57 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 73 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 76 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 80 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 82 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 85 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 92 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 93 | Pricing, volumes, supply chains, customers, sensitive financial information |

| **Exhibit to Holocek Declaration (ECF No. 101-6)** | **Compelling reasons[3]** |
|---|---|
| Exhibit 94 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 95 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 96 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 99 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 100 | Pricing, volumes, supply chains, customers, sensitive financial information |
| Exhibit 101 | Pricing, volumes, supply chains, customers, sensitive financial information |

In addition, SMI's memorandum of points and authorities in support of its motion for summary judgment and separate statement of undisputed facts in supported of its motion for summary judgment contain redactable information because they refer to the above. Therefore, the Court permanently redacts such information.

2.     ECF NO. 104 IS DENIED WITHOUT PREJUDICE

Gallo's Statement in Support of ECF No. 101-6 (ECF No. 104) does not meet the standards for sealing described above. Therefore, the Court denies it without prejudice. To the extent Gallo wishes to seal documents that are not already sealed by this order, Gallo may re-file its request within fourteen days of the date of this order, if it chooses to do so. The Court will keep the documents it seeks to seal left under seal for fourteen days or until the Court rules on a renewed motion.

1     **C.**    **FILINGS AT ECF NO. 106**

2     At ECF No. 105, Gallo sought to seal or redact certain documents it filed in connection
3 with its *Daubert* motion at ECF No. 106. SMI filed a statement in support at ECF No. 118.

4     1.    <u>ECF NO. 105 IS GRANTED</u>

5     Exhibits A, C, D and E to the Declaration of Joseph M. Alioto (ECF No. 106-2) each
6 contain information concerning Gallo's operations, suppliers and redacted terms of its supply
7 agreement with SMI. Therefore, the Court GRANTS Gallo's request to seal such information.

8     2.    <u>ECF NO. 118 IS DENIED AS MOOT</u>

9     SMI's statement in support of ECF No. 105 covers documents that the Court has already
10 decided to seal. Therefore, it is DENIED AS MOOT.

11     **D.**    **FILINGS AT ECF NO. 114**

12     At ECF No. 113, Gallo requested to seal or redact certain documents it filed in connection
13 to its opposition to SMI's motion for summary judgment at ECF No. 114. SMI did not file a
14 statement in support.

15     1.    <u>ECF NO. 113 IS DENIED WITHOUT PREJUDICE</u>

16     This request was insufficiently specific and did not contain the total number of pages
17 Gallo wants sealed. Therefore, it is DENIED WITHOUT PREJUDICE. The exhibits Gallo
18 requests to have sealed will remain sealed at this time. Filings at ECF No. 114 and the exhibits
19 thereto will remain sealed or redacted for fourteen days to give Gallo an opportunity to refile its
20 request, if it chooses to do so. The Court will keep the documents it seeks to seal left under seal
21 for fourteen days or until the Court rules on a renewed motion.

22     **E.**    **FILINGS AT ECF NO. 117**

23     At ECF No. 116, SMI sought to seal or redact certain documents it filed in connection
24 with its opposition to Gallo's motion for summary judgment at ECF No. 117. Gallo filed a
25 statement in support at ECF No. 119.

26     1.    <u>ECF NO. 116 IS GRANTED IN PART AND DENIED IN PART</u>
27             <u>WITHOUT PREJUDICE</u>

28     This request complies with the local rules and relevant case law to the extent SMI seeks to

seal documents it considers confidential to SMI. However, it makes no argument for why the Court should seal documents that only Gallo has found confidential. Therefore, the Court seals the following exhibits to the Holecek declaration (ECF No. 117-3):

| Exhibit to Holecek Declaration (ECF No. 117-3) | Compelling reasons[4] |
|---|---|
| 1 | Pricing, cullet volumes, supply chain, customers, sensitive financial information, business plans, strategies, business relationships |
| 4 | Pricing, cullet volumes, supply chain, customers, sensitive financial information, business plans, strategies |
| 6 | Pricing, cullet volumes, supply chain, customers, sensitive financial information, business relationships |
| 12 | Pricing, cullet volumes, supply chain, customers, sensitive financial information, business relationships |
| 13 | Pricing, cullet volumes, supply chain, customers, sensitive financial information |
| 14 | Business plans, strategies |
| 16 | Pricing, cullet volumes, supply chain, customers, sensitive financial information |
| 17 | Business plans, strategies |
| 18 | Business relationships |
| 21 | Pricing, cullet volumes, supply chain, customers, sensitive financial information |
| 22 | Pricing, cullet volumes, supply chain, customers, sensitive financial information, business relationships |
| 31 | Pricing, cullet volumes, supply chain, customers, sensitive financial information |
| 34 | Pricing, cullet volumes, supply chain, customers, sensitive financial information, business relationships |
| 35 | Pricing, cullet volumes, supply chain, customers, sensitive financial information, business plans, strategies, business relationships |
| 37 | Pricing, cullet volumes, supply chain, customers, sensitive financial information, business plans, strategies, business relationships |
| 38 | Business relationships |
| 39 | Pricing, cullet volumes, supply chain, customers, sensitive financial information |

The following documents, which reference the above cited exhibits, are permanently redacted:

- Defendant's Memorandum of Points and Authority in Support of Defendant's Opposition to Plaintiffs' Motion for Partial Summary Judgment (ECF No. 117-1); and,

---

[4] Each of the compelling reasons relates to the type of information which, if made public, would harm SMI.

- Defendant's Opposition to Plaintiffs' Statement of Undisputed Facts (ECF No. 117-2).

The Court otherwise denies SMI's motion without prejudice. If SMI chooses to, it may refile a motion to seal the exhibits it noted that only Gallo had marked as highly confidential, which are discussed immediately below.

### 2. ECF No. 119 IS DENIED WITHOUT PREJUDICE

Gallo's statement in support of ECF No. 116 does not comply with the legal standards. Therefore, it is DENIED WITHOUT PREJUDICE. The exhibits Gallo requests to have sealed will remain sealed at this time. The following exhibits to ECF No. 117-3 will remained sealed for fourteen days to give Gallo an opportunity to refile its request:

- Exhibit 2
- Exhibit 3
- Exhibit 8
- Exhibit 10
- Exhibit 15
- Exhibit 20
- Exhibit 23
- Exhibit 24
- Exhibit 25
- Exhibit 27
- Exhibit 28
- Exhibit 29
- Exhibit 33

**F.   FILINGS AT ECF NO. 121**

At ECF No. 120, Gallo sought to seal certain documents it filed at ECF No. 121. SMI did not file a statement in support.

\\\

1.     ECF NO. 120 IS GRANTED

This request complies with the local rules and relevant case law. Therefore, the Court seals the Exhibit U to the Reply Declaration of Julie L. Fieber (ECF No. 121-4) because it contains confidential information regarding Gallo's plant operations, the disclosure of which would harm Gallo's competitive standing.

**G.     FILINGS AT ECF NO. 124**

At ECF No. 123, SMI requests to seal or redact certain documents it filed at ECF No. 124. Gallo did not file a statement in support.

1.     ECF NO. 123 IS DENIED WITHOUT PREJUDICE

This request is insufficiently specific. It merely states that the documents it wishes to have redacted "contain proprietary and commercially sensitive aspects of both SMI's and Gallo's business and mutual business relationship, including but not limited to pricing, clients, supply chains, internal processes, profits, and the terms of the parties' Supply Agreement." (ECF No. 123, at 2). It also does not contain the total number of pages it seeks to have sealed or redacted. The filings SMI requests to have sealed (ECF Nos. 124, 124-2) will remain redacted at this time. SMI has fourteen days to refile its request, if it chooses to do so. The Court will keep the documents it seeks to seal left under seal for fourteen days or until the Court rules on a renewed motion.

**H.     FILINGS AT ECF NOS. 127-129**

At ECF No. 126, Gallo sought to seal or redact certain documents it filed at ECF Nos. 127-129. SMI filed a statement in support at ECF No. 132.

1.     ECF NO. 126 IS DENIED WITHOUT PREJUDICE

This request is insufficiently specific because it merely states certain documents have confidential information "as discussed above," but without detailing what type confidential information is at issue or how its release will harm Gallo. The filings Gallo requests to have sealed or redacted will remain sealed or redacted at this time. Gallo has fourteen days to refile its request.

\\\

2.      ECF NO. 132 IS GRANTED

This statement in support of ECF No. 126 complies with the local rules and relevant case law. Therefore, the following shall remain sealed:

| Declaration and ECF Number | Exhibit | Compelling reasons[5] |
|---|---|---|
| Fieber, ECF No. 127-1 | E | Business relationship and certain details about Supply Agreement |
| Fieber, ECF No. 127-1 | J | Business relationship and certain details about Supply Agreement |
| Fieber, ECF No. 128-1 | C | Business relationship between the parties |
| Fieber, ECF No. 128-1 | D | Business relationship between the parties |
| Alioto, ECF No. 129-1 | A | Information regarding SMI's revenue, profit margins, business plans, strategies, supply chains, operational capabilities, and customers |

In addition, Gallo's briefs in opposition to SMI's motions to exclude Plaintiffs' experts Stuart Harden and Mark Murray refer to the exhibits above. For the same reason, SMI's request to permanently redact Gallo's briefs at ECF Nos. 127 and 128 is granted.

**I.    FILINGS AT ECF NO. 131**

At ECF No. 130, SMI sought to seal or redact certain documents it filed at ECF No. 131. Gallo filed a statement in support at ECF No. 133.

1.      ECF NO. 130 IS GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE

This request complies with the local rules and relevant case law to the extent SMI seeks to seal documents it considers confidential itself. Therefore, the Court seals the following exhibits to the Holecek declaration (ECF No. 131-2):

| Exhibit to ECF No. 131-2 | Compelling reasons[6] |
|---|---|
| 2 | Information concerning SMI's pricing, cullet volumes, supply chain, customers, sensitive financial information, business relationship between the parties |
| 5 | Information concerning SMI's pricing, cullet volumes, supply chain, |

---

[5] Each of the compelling reasons relates to the harm releasing the information would cause SMI.
[6] Each of the compelling reasons relates to the harm releasing the information would cause SMI.

13

| Exhibit to ECF No. 131-2 | Compelling reasons[6] |
|---|---|
|  | customers, sensitive financial information, business relationship between the parties |
| 7 | Information concerning the business relationship between the parties |
| 8 | Information concerning the business relationship between the parties |
| 9 | Information concerning SMI's pricing, cullet volumes, supply chain, customers, sensitive financial information, business relationship between the parties |

However, SMI does not argue that its brief in opposition to Plaintiff's Motion to Exclude Experts should be redacted. Therefore, the Court will grant SMI fourteen days to file a request to redact ECF No. 131, should it wish to do so. Until such time, ECF No. 131 will remain redacted.

2. ECF NO. 133 IS GRANTED

This statement in support of ECF No. 130 complies with the local rules and relevant case law. Therefore, the following shall remain sealed:

| Exhibit to ECF No. 131-2 | Compelling reasons[7] |
|---|---|
| 10 | Information regarding Gallo's costs for specific batch components |
| 11 | Confidential details about Gallo's operations, including percentages of components used in its recipes |
| 15 | Information regarding Gallo's costs for specific batch components |

III.  **CONCLUSION AND ORDER**

The Court grants the following sealing requests: ECF Nos. 100, 103, 105, 120, 132, 133

The Court grants in part the following sealing requests: ECF Nos. 116, 130

The Court denies the following sealing requests without prejudice: ECF Nos. 98, 104, 113, 119, 123, 126.

The Court denies the sealing request at ECF No. 118 as moot.

To the extent any sealing motion was denied, the parties have fourteen days from the date of this order to refile their requests. Until such time, the Court will keep the filings sealed or redacted.

Given the vast number of documents at issue here, the Court requests that additional

---

[7] Each of the compelling reasons relates to the harm releasing the information would cause Gallo.

1 | sealing requests contain tables that clearly indicate: (1) the document at issue, (2) the
2 | corresponding ECF number, and (3) the specific compelling reasons for the request. Along with
3 | Word versions of proposed orders, the Court requests the parties send Word versions of the
4 | sealing requests they may file.

IT IS SO ORDERED.

Dated:   **June 3, 2020**             /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE

15